CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
PHYL GRACE, ESQ., SBN 171771
BRADLEY SMITH, ESQ., SBN 296444
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
bradleys@potterhandy.com

Attorney for Plaintiff **Nehemiah Kong**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong**, <br><br> Plaintiff, <br><br> v. <br><br> **Brenda Sue Getty**, in individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement; **Richard A. Getty**, in individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement; and Does 1-10, <br><br> Defendants. | Case No.: 2:18-CV-09321-MWF-JDE <br><br> **[Discovery Matter: Referred to Hon. Magistrate Judge John D Early]** <br><br> **Plaintiff's Memorandum of Points and Authorities in Support of Motion:** <br><br> **(1) Compelling Set One Responses to Requests for the Production of Documents;** <br> **(2) Compelling Set One Responses to Interrogatories;** <br> **(3) Seeking Rule 37 Sanctions.** <br><br> **Date:** October 31, 2019 <br> **Time:** 10:00am <br> **Courtroom:** 6B <br> **Magistrate Judge:** Hon. John D Early <br><br> **Discovery cut-off:** February 24, 2020 <br> **Pre-trial conference:** June 8, 2020 <br> **Trial:** June 30, 2020 |

# I. RELEVANT FACTS

**1.** Plaintiff cannot walk, and he uses a wheelchair for mobility. <u>Complaint</u> ¶1. Defendants own the property which is the subject of this lawsuit. <u>Id</u>. at ¶2-5. Plaintiff visited Defendants' property in October 2018, and he was denied access because of the inaccessible conditions he encountered while there. <u>Id</u>. at ¶¶ 10-25.

**2.** On May 20, 2019, Plaintiff served Set-One Discovery on Defendants. Set-One Discovery consisted of Requests for Production of Documents, Interrogatories, and Requests for Admission. <u>Declaration of Bradley Smith</u> (hereinafter "<u>Smith Dec.</u>,") ¶2; Exhibit 1. Responses to Set-One Discovery were due on June 24, 2019. <u>Id</u>. at ¶4.

## A.   <u>Attempts to Meet and Confer</u>

**3.** As required by the Federal Rules of Civil Procedure 37(a)(1) and Central District Local Rules rule 37-1, Mr. Smith sent a letter to Defendants in an attempt to meet and confer. <u>Smith Dec</u>. ¶5; Exhibit 2. In the letter, Mr. Smith requested that Defendants either serve responses to Set-One Requests for Production of Documents and Interrogatories immediately or provide a convenient time to meet and confer telephonically so the parties could resolve this issue without the Court's intervention. <u>Id</u>. at ¶5; Exhibit 2. Defendants have not responded to Mr. Smith's letter, and they have not sent responses to Set-One Discovery.

## B.   <u>No Joint Stipulation required</u>

Local Rule 37-1 requires the moving and non-moving parties to confer in good faith ahead of a discovery motion. If the parties cannot reach an agreement after they meet and confer, they must prepare and submit a Joint Stipulation regarding the discovery dispute to the Court. Local Rule 37-2.4 waives this requirement when a party does not meet and confer according to Local Rule 37-1.

Here, Mr. Smith sent a letter outlining the specific discovery issue and the preferred solution. Further, Mr. Smith extended an invitation to telephonically meet and confer at a time

of Defendants choosing. See <u>Smith Dec</u>. ¶5; Exhibit 2.   Mr. Smith was willing to make all arrangements to discuss the discovery dispute with Defendants.  Unfortunately, Mr. Smith has not received responses to Set-One Discovery and his meet and confer letter. Under these circumstances— where opposing counsel has failed to confer in a timely manner in accordance with Local Rule 37-1—there is no requirement placed upon Plaintiff to provide a Joint Stipulation.

## II. LEGAL ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [P]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

<u>Fed. R. Civ. P.</u> (26)(b)(1).

### A.   <u>Defendants Should be Compelled to Provide Set One Interrogatory Responses</u>

Federal Rules of Civil Procedure 33(b)(5) provides that "[t]he party submitting the interrogatories may move for an order... with respect to [a] failure to answer an interrogatory." <u>Fed. R. Civ. P.</u> 33(b)(5). Plaintiff's contention as to all of the Interrogatories in dispute is the same: A party may properly respond to an interrogatory either with a full narrative response under oath from the party, with valid written objections from the party's counsel, or, in certain situations, by production of business records. <u>Fed. R. Civ. P.</u> 33(b)(3), 33(b)(4), and 33(d). When a party does not timely respond, all objections are waived under Rule 33(b)(4).

Here, Defendants have failed to respond entirely to Plaintiff's Set-One Interrogatories. Thus, Plaintiff requests an order to compel their un-objected responses to Set-One Interrogatories.

**B.**      **Defendants Should be Compelled to Provide Set One Responses to Requests for the Production of Documents.**

When a party fails to respond to an inspection demand propounded under Rule 34, the propounding party's remedy is to seek an order compelling a response. Fed. R. Civ. P. 37(a)(3)(iv). Further, a party who fails to respond to a request for production waives all of their objections thereto. Richmark Corp. v. Timber Falling Consultants 959 F2d 1468, 1473 (9th Cir. 1992).

Here, Defendants have entirely failed to serve written responses to Plaintiff's Set-One Requests for Production of Documents or to make documents available for inspection and copying. Thus, Plaintiff requests an order to compel their un-objected responses to Set-One Requests for Production of Documents.

## III. MOTION FOR SANCTIONS

If a motion to compel is granted, the "court *must*...require the party or deponent whose conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A)(emphasis added). Sanctions are also appropriate where a party fails to serve answers to interrogatories or respond to a request for inspection. Fed. R. Civ. P. 37(d)(1)(A)(ii). Similarly, Courts have found that failure to provide answers to interrogatories is an appropriate ground for sanctions. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, (2nd Cir. 1990) (district court properly exercised its discretion in imposing Rule 37 sanctions for failure to answer interrogatories).

Here, Defendants have failed to respond to Set-One Interrogatories and Requests for Production of Documents in their entirety. As of this date, the responses are approximately three months overdue. Mr. Smith attempted to meet and confer so a motion would be unnecessary. However, Mr. Smith has not received any responses from Defendants. Thus, a motion to compel responses is appropriate, and the Court should impose $1,600.00 in sanctions against Defendants.

**IV. FINAL STATEMENT AND REQUESTED RELIEF**

Despite having considerable time to do so, Defendants have flouted Federal Rules of Civil Procedure 33 and 34 by completely failing to provide Plaintiff with basic discovery regarding the claims and defenses asserted in this case.  Moreover, Defendants have done so in the face of Plaintiff's good-faith attempts to resolve this dispute informally. Accordingly, Plaintiff requests that Defendants be ordered to respond in full to Set-One Interrogatories and Requests for Production and to pay sanctions.

Dated: October 2, 2019                    CENTER FOR DISABILITY ACCESS

By: _____

Bradley Smith
Attorney for Plaintiff