CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

NICK S. PUJJI (Bar No. 259571)
nick.pujji@dentons.com
KAREN LUONG (Bar No. 246809)
karen.luong@dentons.com
CAROL YUR (BAR NO. 290145)
carol.yur@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorney for Defendants/Third-Party Plaintiffs
Brenda Sue Getty and Richard A. Getty

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

NEHEMIAH KONG,

Plaintiff,

v.

BRENDA SUE GETTY, an individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement; RICHARD A. GETTY, an individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement; and DOES 1-10,

Defendants.

Case No 2:18-cv-09321-MWF-JDE

**Joint Rule 26(f) Report**

Date: December 16, 2019
Time: 11:00 a.m.

Honorable Judge Michael W. Fitzgerald

BRENDA SUE GETTY, an individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement; RICHARD A. GETTY, an individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement,

Third-Party Plaintiffs,

v.

PAVE WEST INC.,

Third-Party Defendant.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order entered on November 15, 2019, the parties hereby submit the following Joint Rule 26(f) Report.

**a) Statement of the Case**

Plaintiff: Nehemiah Kong is a paraplegic who suffers from Polio. He uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van. Defendants Brenda Sue Getty and Richard A. Getty, in individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement, own the real property located at or about 1619 E. Los Angeles Avenue, Simi Valley,

California. Plaintiff went to the property to shop at Garcia Bakery Panaderia.

Even though there were parking spaces marked and reserved for persons with disabilities, there were no van-accessible parking spaces. The parking space that was ostensibly reserved for persons who drive vans had inaccessible slopes in the parking space. There was a curb ramp running into the access aisle that caused slopes greater than 2.1%. Two additional parking stalls marked and reserved for persons with disabilities were not designed for vans. One of the parking stalls measured 122 inches in width while the access aisle measured about 60 inches in width. The second parking stall measured 120 inches in width while the access aisle measured 70 inches in width. This is not van accessible. Separately, there was a parking lot in the rear of the building. None of the parking spaces in that lot had parking spaces marked and reserved for persons with disabilities. Even though the plaintiff did not personally confront the barrier, the walkway leading to the entrance of Garcia Bakery Panaderia has cross slopes of as much as 4.1%. This is inaccessible to plaintiff.

The defendant's failure to provide for level van-accessible parking space, lack of accessible parking space in the rear parking lot and inaccessible path of travel at the Garcia Bakery Panaderia is discriminatory against the plaintiff. Defendant violates Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief and the statutory minimum damage award.

Defendant:  Mr. and Mrs. Getty deny that they have engaged in any wrongdoing or are liable to Kong for any amount.

Brenda and Richard Getty are trustees of the Richard J. Getty Living Trust.  On or about February 27, 2018, Mr. Getty on behalf of the Richard

J. Getty Living Trust and Pave West Inc. entered into a written contract (the "One-Time Project Agreement") whereby Pave West agreed to remove and replace damaged asphalt, re-grade and compact existing sub-grade, pave-back removed asphalt, restripe the parking lot, and install speed bumps in compliance with all applicable federal, state and local laws and regulations.

Thus, to the extent that Mr. and Mrs. Getty are held liable to Kong, it is only by reason of Pave West's negligent and wrongful performance of its obligations reflected in the One-Time Project Agreement. Mr. and Mrs. Getty believe Pave West should indemnify them and/or reimburse them in the amount of any judgment as well as any and all other damages, costs, attorneys' fees, expenses or payments of any kind which Mr. and Mrs. Getty are obligated to make or incur as a result of the Pave West's negligent and wrongful performance of the One-Time Project Agreement.

On August 1, 2019, the Clerk of the Court entered default against Pave West. (ECF No. 36).

**b) Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**c) Legal Issues**

Plaintiff: The principal legal issues are: (1) Whether Defendants' facilities meets the minimum standards of the ADA; state disability laws and other codes; (2) whether the defendants are responsible under the law to remove barriers; (3) whether the plaintiff has standing to seek either damages or injunctive relief; (4) whether the barriers are readily achievable to remove; and (5) the nature and extent of damages, if any.

Defendants: Deny violating the ADA, state disability laws, and other codes in any way. The principal legal issues for the third-party complaint are: (1) whether the third-party defendant breached its contract with Mr. Getty on behalf of the Richard J. Getty Living Trust under the One Time Project Agreement and that the third-party plaintiffs are entitled to contractual indemnity against the third-party defendant, and (2) the nature and extent of damages, costs, expenses, and attorneys' fees.

**d) Parties, Evidence, etc.**

Plaintiff: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigator for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the pre-filing process. The only documents that the plaintiff has would be photographs taken by Evens Louis.

Defendants: Defendants and third-party defendant, Pave West.

**e) Damages**

Plaintiff: claims injunctive relief, attorney fees and Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000 per violation.

Defendants: indemnification and/or reimbursement from Pave West in the amount of any judgment as well as any and all other damages, costs, attorneys' fees, expenses or payments of any kind which Mr. and Mrs. Getty are obligated to make or incur as a result of the Pave West's negligent and wrongful performance of the One-Time Project Agreement..

**f) Insurance**

None.

**g) Motions**

Plaintiff: does not believe it likely that he will seek to add other parties or seek transfer of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Defendants: do not expect to file any motions seeking to add other parties or claims or transfer of venue at this time. Defendants anticipate filing a Notice and Application for Default Judgment against Pave West.

**h) Manual for Complex Litigation**

This case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

//

**i) Status of Discovery**

Plaintiff: intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

Defendants: intend to propound a set of Interrogatories, Requests for Admission and Requests for Production of Document and to take the deposition of the Plaintiff.

**j) Discovery Plan**

1. Disclosures

The Parties do not seek any changes to the form or requirements for initial disclosures. Plaintiff has served initial disclosures on or about May 1, 2019. Defendant anticipates that Initial Disclosure shall be served by December 31, 2019.

2. Discovery Subjects

Plaintiff intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of level van-accessible parking space, lack of accessible parking space in the rear parking lot and inaccessible path of travel at the Garcia Bakery Panaderia; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities.

Defendants: intend to seek discovery related to: (1) Plaintiff's condition; (2) Plaintiff's patronage of the Garcia Bakery Panaderia; and (3) Plaintiff's patronage of similar facilities.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cut-off date of October 26, 2020.

3. Changes in Limitations on Discovery

The Parties request that rule FRCP 33(a)(1) limits be increased to 45 for both parties. The Parties otherwise requests no deviation from the Federal and Local Rules.

**k) Discovery cut-off**

The Parties propose a final discovery completion date for non-expert discovery of September 28, 2020. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by October 12, 2020, and expert witness depositions be completed by October 26, 2020.

**l) Expert Discovery**

The Parties propose an Initial disclosure of Expert Witnesses date of September 14, 2020, and a Rebuttal Disclosure of Expert Witnesses and Report of October 12, 2020. The date for Expert discovery cut-off is proposed to be October 26, 2020.

**m) Dispositive Motions**

Plaintiff: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

Defendants: at close of discovery anticipate filing a motion for summary judgment that as a matter of law, defendants did not violate the ADA and Unruh Civil Rights Act.

**n) Settlement**

The matter between Plaintiff and Defendants reached a settlement in principle and Plaintiff submitted a notice of settlement to this Court on October 8, 2019. Despite multiple efforts, the parties could not agree on the details of the settlement agreement. Thereafter, Plaintiff moved to have this case reopened.

The matter between Third-Party Plaintiffs Brenda Sue Getty and Richard A. Getty and Third-Party Defendant Pave West is still ongoing.

**o) Trial Estimate**

Plaintiff: has requested a bench trial and plaintiff anticipates a 2-3 day trial.

Defendants: anticipate a 2-3 day bench trial with respect to Plaintiff's case. Defendants requested a jury trial with respect to their third-party complaint against Pave West, Inc. At this time, Defendant anticipates a 3-4 day jury trial with respect to the third-party complaint.

**p) Trial Counsel**

Trial counsel for the Plaintiff is Dennis Price.

Trial counsel for Defendants are Nick Pujji and Carol Yur.

//

**q) Independent Expert or Master**

The parties find this is not a case where the Court needs to appoint a master pursuant to Rule 53 or an independent scientific expert.

**r) Timetable**

Appended as Exhibit A.

**s) Other Issues**

There are no other issues affecting the status or management of the case and the parties have no proposals concerning severance, bifurcation or other ordering of proof.

Dated: December 2, 2019

CENTER FOR DISABILITY ACCESS

By: *_/s/Dennis Price_*
Dennis Price
Attorney for Plaintiff

Dated: December 2, 2019

DENTONS US LLP

By: *_/s/ Nick S. Pujji_*
Nick S. Pujji

Attorney for Defendants/Third-Party Plaintiffs BRENDA SUE GETTY and RICHARD A. GETTY

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: December 2, 2019

CENTER FOR DISABILITY ACCESS

By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff

**EXHIBIT A**

| **Matter** | | **Parties Request** | **Court Order** |
|---|---|---|---|
| [ ] Jury Trial or [ ] Court Trial: (Tuesday at 8:30 a.m.) Duration Estimate: ___ Days | | Court Trial, 2-3 days 4/6/2021 for matter between Plaintiff and Defendants;<br><br>Jury Trial 3-4 days 4/13/2021 for matter between Third-Party Plaintiffs and Third-Party Defendants. | |
| Final Pretrial Conference [LR 16] and Hearing on Motions In Limine (Monday at 11:00 a.m.-- three (3) weeks before trial date) Motions In Limine must be filed three (3) weeks before this date; oppositions are due two (2) weeks before this date; no reply briefs. | | 3/15/2021 | |
| **Event** | **Weeks Before Trial** | **Plaintiff(s) Date** | **Court Order** |
| Last Date to Hear Motion to Amend Pleadings /Add Parties | | 7/27/2020 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 9/28/2020 | |
| Expert Disclosure (Initial) | | 9/14/2020 | |
| Expert Disclosure (Rebuttal) | | 10/12/2020 | |
| Expert Discovery Cut–Off | 14 | 10/26/2020 | |
| Last Date to Hear Motions (Monday at 10:00 a.m.) | 14 | 12/28/2020 | |
| Last Date to Conduct Settlement Conference | 12 | 1/11/2021 | |
| For Jury Trial | 6 | -- | |

| | | | |
|---|---|---|---|
| ▪ File Memorandum of Contentions of Fact and Law, LR 16-4<br>▪ File Exhibit and Witness Lists, LR 16-5.6<br>▪ File Status Report Regarding Settlement<br>▪ File Motions In Limine | | | |
| For Jury Trial<br>▪ Lodge Pretrial Conference Order, LR 16-7<br>▪ File Agreed Set of Jury Instructions and Verdict Forms<br>▪ File Statement Regarding Disputed Instructions, Verdicts, etc.<br>▪ File Oppositions to Motions In Limine | 5 | -- | |
| For Court Trial<br>▪ Lodge Findings of Fact and Conclusions of Law,<br>▪ LR 52, and Summaries of Direct Testimony | 3 | 3/15/2021 | |