NICK S. PUJJI (Bar No. 259571)
nick.pujji@dentons.com
KAREN LUONG (Bar No. 246809)
karen.luong@dentons.com
CAROL YUR (Bar No. 290145)
carol.yur@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Defendants/Third-Party Plaintiffs
BRENDA SUE GETTY and RICHARD A. GETTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NEHEMIAH KONG,

Plaintiff,

v.

BRENDA SUE GETTY, in individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement; RICHARD A. GETTY, in individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement; and DOES 1-10,

Defendants.

BRENDA SUE GETTY, an individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement; RICHARD A. GETTY, an individual and representative capacity as trustee of the Richard J. Getty Living Trust Agreement,

Third-Party Plaintiffs,

v.

PAVE WEST INC.,

Third-Party Defendant.

NO. 2-18-cv-09321-MWF-JDE

**NOTICE AND APPLICATION FOR DEFAULT JUDGMENT BY COURT**

Hearing Date: June 22, 2020
Courtroom: 5A
Hearing Time: 10:00 a.m.
Judge: Hon. Michael W. Fitzgerald

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 22, 2020, at 10:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 350 West First Street, Courtroom 5A, Los Angeles, California 90012, Third-Party Plaintiffs Brenda Sue Getty and Richard A. Getty ("Defendants" or "Third-Party Plaintiffs") will present their application for a default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Third-Party Defendant Pave West, Inc. ("Third-Party Defendant" or "Pave West").

At the time and place of hearing, Third-Party Plaintiffs will present proof of the following matters:

1. On October 31, 2018, Plaintiff Nehemiah Kong ("Plaintiff") filed the Complaint against Thirty-Party Plaintiffs for alleged violations of the American's With Disability Act and Unruh Civil Rights Act. (ECF No. 1).

2. On November 19, 2018, Plaintiff served Third-Party Plaintiff Brenda Sue Getty with the Complaint and Summons, as evidenced by the proof of service on file with this Court. (ECF No. 8).

3. On December 10, 2018, Plaintiff served Third-Party Plaintiff Richard A. Getty with the Complaint and Summons, as evidenced by the proof of service on file with this Court. (ECF No. 13)

4. On March 4, 2019, Third-Party Plaintiffs filed an answer to the Complaint and filed a Third-Party Complaint against Third-Party Defendant Pave West, Inc. ("Pave West") for contractual indemnity and breach of contract. (ECF No. 22).

5. Pave West was served with Summons by Third-Party Plaintiffs pursuant to Rule 4 of the Federal Rules of Civil Procedure on April 2, 2019 as evidenced by the proof of service on file with this Court. (Declaration of Nick S. Pujji ("Pujji Decl."), ¶¶6-7, Ex. A).

6. After Thirty-Party Plaintiffs filed an Application for Entry of Default Against Pave West (ECF No. 35), the Clerk of this Court entered default against Pave West on August 1, 2019 because Pave West failed to plead or otherwise defend the action.

7. Third-Party Defendant is not a minor or incompetent person or in military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) (Pujji Decl., ¶13);

8. Third-Party Defendant has not appeared in this action (Pujji Decl., ¶12);

9. Third-Party Defendant will be mailed this Notice and Application for Default Judgment by Court and accompanying papers at least 28 days prior to the hearing on the motion;

10. Third-Party Plaintiffs are entitled to judgment against Third-Party Defendant on account of the claims pled in the Third-Party Complaint, to wit:

- Under California law, Third-Party Plaintiffs seek full and complete indemnification from Third-Party Defendant for claims being asserted by Plaintiff Nehemiah Kong ("Kong") against Third-Party Plaintiffs in connection with *Kong v. Getty, et al*., USDC Case No. 2-18-cv-09321-MWF-JDE. (Third-Party Complaint (ECF No. 22-2), ¶2).
- On or about February 27, 2018, Mr. Getty on behalf of the Richard J. Getty Living Trust and Pave West Inc. entered into a written contract (the "One-Time Project Agreement") whereby Pave West agreed to remove and replace damaged asphalt, re-grade and compact existing sub-grade, pave-back removed asphalt, restripe the parking lot, and install speed bumps in compliance with all applicable federal, state and local laws and regulations. (Declaration of Richard A. Getty ("Getty Decl."), ¶3, Ex. A; Third-Party Complaint (ECF No. 22-2), ¶9).

- This agreement and understanding of the parties is reflected in the One-Time Project Agreement in Section 6(P) as follows:

  > **Contractor represents and warrants that: (1) any goods or service furnished pursuant hereto shall be in compliance with all applicable federal, state and local laws and regulations . . . . Contractor at its sole cost and expense, shall defend and protect Owner and Agent against any and all suits, actions, and claims arising out of any charge of such non-compliance with any of the above requirements and shall fully indemnify and defend Owner and Agent from and against any and all loss, cost, expense, or damage which may arise out of any and every non-compliance by Contractor, its subcontractors and any others performing any Work by or through them, including without limitation an [sic] any of their agents and against any and all claims arising from or related to any breach of the foregoing representations and warranties.**

  (Getty Decl., ¶4, Ex. A.; Third-Party Complaint (ECF No. 22-2), ¶10).
- On or about November 1, 2018, Kong filed the underlying action against Defendants (in their individual and representative capacities as trustees of the Richard J. Getty Living Trust Agreement) in this Court. In the underlying action, Kong claims that Defendants violated the ADA and UNRUH by failing to make the parking lot located at 1603 E. Los Angeles Avenue, Simi Valley, California 93065 fully accessible to

persons with disabilities. In addition to compensatory damages, Kong sought injunctive relief. (ECF No. 1).

- Defendants deny that they have engaged in any wrongdoing or are liable to Kong for any amount. However, to the extent that Defendants are held liable to Kong, it is only by reason of Pave West's negligent and wrongful performance of its obligations reflected in the One-Time Project Agreement. Thus, Defendants seek indemnification and/or reimbursement from Pave West in the amount of at least [redacted], plus accruing interest, representing all damages, costs, attorneys' fees, expenses or payments of any kind which Defendants are obligated to make or incur as a result of Pave West's negligent and wrongful performance of the One-Time Project Agreement. (Getty Decl., ¶5; Third-Party Complaint (ECF No. 22-2), ¶12).
- Defendants are entitled to at least $110,120.00 in compensatory damages as this was the amount Defendants paid Pave West pursuant to the One-Time Project Agreement whereby Pave West agreed to remove and replace damaged asphalt, re-grade and compact existing sub-grade, pave-back removed asphalt, restripe the parking lot, and install speed bumps in compliance with all applicable federal, state and local laws and regulations.
- Defendants' alleged liability to Kong was caused primarily and ultimately by Pave West's breach of its contract with Mr. Getty on behalf of the Richard J. Getty Living Trust by failing to abide by the term requiring work performed within the scope of the agreement to comply with applicable federal rules and regulations. Defendants' liability for these damages will arise, if at all, not as a result of any actual fault on their part, but solely as a result of Pave West's negligent and

wrongful performance of its obligations under the One-Time Project Agreement. (Third-Party Complaint (ECF No. 22-2), ¶13).

- In defending the action, Defendants necessary and reasonably incurred, and paid, and will continue to incur and pay, attorneys' fees and other legal costs. (Third-Party Complaint (ECF No. 22-2), ¶14).
- By reason of the foregoing, Defendants are entitled to indemnity from Pave West. (Third-Party Complaint (ECF No. 22-2), ¶15).
- As explained above, on or about February 27, 2018, Mr. Getty on behalf of the Richard J. Getty Living Trust and Pave West Inc. entered into the One-Time Project Agreement with Pave West. (Getty Decl., ¶3, Ex. A; Third-Party Complaint (ECF No. 22-2), ¶17).
- Pave West agreed to remove and replace damaged asphalt, re-grade and compact existing sub-grade, pave-back removed asphalt, restripe the parking lot, and install speed bumps in compliance with all applicable federal, state and local laws and regulations in exchange for $110,120.00. (Getty Decl., ¶3, Ex. A; Third-Party Complaint (ECF No. 22-2), ¶18).
- Pave West breached the One-Time Project Agreement by failing to make the parking lot located at 1603 E. Los Angeles Avenue, Simi Valley, California 93065 fully accessible to persons with disabilities, in violation of the ADA and UNRUH. (Third-Party Complaint (ECF No. 22-2), ¶19).
- Defendants have performed all obligations required of them under the One-Time Project Agreement. (Getty Decl., ¶¶3, 7, Ex. A; Third-Party Complaint (ECF No. 22-2), ¶ 20).
- Defendants are entitled to an additional [redacted]

[redacted] (Getty Decl., ¶8).

- Defendants are entitled to at least [redacted], plus prejudgment interest, representing damages, costs, expenses, and/or payments of any kind which Defendants are obligated to make or incur as a result of Pave West's breach of the One-Time Project Agreement. (Getty Decl., ¶¶6, 8, Ex. A; Third-Party Complaint (ECF No. 22-2), ¶21).

11. As set forth in the attached declarations of Nick S. Pujji and Richard A. Getty, the judgment amount sought is at least [redacted], which reflects compensatory damages and indemnification of loss, cost, and expense to Third-Party Plaintiffs pursuant to the One-Time Project Agreement.

12. Third-Party Plaintiffs are also entitled to attorneys' fees and costs against Third-Party Defendant on account of the claims pled in the Third-Party Complaint and defending the Complaint and Third-Party Plaintiffs intend to supplement the Motion to state the amount of attorneys' fees and costs incurred in their defense once said fees and costs are finalized and well in advance of the hearing. (Getty Decl., ¶9; Pujji Decl., ¶16)

This Application is based on this Notice, the concurrently filed declarations of Nick S. Pujji and Richard A. Getty and the exhibits attached thereto, all pleadings and other documentary materials filed in this action, the arguments of counsel, and upon such other matters as the Court may properly consider.

Dated: May 14, 2020

DENTONS US LLP

By: */s/ Nick S. Pujji*
Nick S. Pujji

Attorney for Defendants/Third-Party Plaintiffs BRENDA SUE GETTY and RICHARD A. GETTY